```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
VICTOR UWAKWE,                                      :
                                                    :
                              Plaintiff,            :      **MEMORANDUM AND ORDER**
                                                    :           15-CV-6703 (DLI)
              -against-                             :
                                                    :
BRIDGING ACCESS TO CARE, INC.,                      :
                                                    :
                              Defendant.            :
----------------------------------------------------------------x
```
**DORA L. IRIZARRY, Chief United States District Judge:**

Plaintiff Victor Uwakwe ("Plaintiff") commenced this action against defendant Bridging Access to Care, Inc. ("Defendant") alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e based on Defendant's alleged discriminatory treatment of Plaintiff on the basis of nationality and race, and alleged retaliation in the form of termination. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant moved to dismiss the Complaint for failure to state a claim for relief. *See* Mot. to Dismiss, Dkt. Entry No. 6.

On March 17, 2017, this Court granted Defendant's motion to dismiss Plaintiff's Title VII discrimination, hostile work environment, and disparate impact claims, but denied Defendant's motion to dismiss Plaintiff's retaliation claim. *See Uwakwe v. Bridging Access to Care, Inc.*, 2017 WL 1048070 (E.D.N.Y. Mar. 16, 2017). On June 22, 2018, Defendant moved for summary judgment as to Plaintiff's sole remaining retaliation claim. *See,* Mot. for Summ. J., Dkt. Entry No. 34. Plaintiff opposed. *See,* Mem. in Opp. ("Opp."), Dkt. Entry No. 35. Defendant replied. *See,* Reply, Dkt. Entry No. 36. For the reasons that follow, Defendant's motion is granted.

## BACKGROUND[1]

Plaintiff is a Nigerian national who was employed by Defendant as an accountant for almost ten years. *See* Compl. ¶ 6. Plaintiff began his employment on October 25, 2005, and was terminated verbally on February 5, 2015, and in writing on February 6, 2015. *Id.* ¶¶ 14, 29.

Plaintiff alleges that, over the course of his employment, he suffered discriminatory treatment due to his Nigerian nationality. *Id.* ¶ 16. According to Plaintiff, Defendant's Senior Program Director, Glenda Smith, often instructed him to perform certain tasks outside of his professional duties. *Id.* ¶ 19. Plaintiff also alleges that Defendant consistently denied him pay raises while other similarly situated non-Nigerian individuals received them. *Id.* ¶ 20. Additionally, Plaintiff claims that he received a lower salary than his non-Nigerian colleagues, whom he alleges were less qualified than Plaintiff in comparable positions, and that he was denied promotions and "other benefits of employment." *Id.* ¶¶ 22, 28.

In early 2015, Defendant accused Plaintiff of stealing New York City Transit MetroCards. *Id.* ¶ 23. After an investigation by the New York City Police Department ("NYPD") and an internal investigation by Defendant, Plaintiff ultimately wass cleared of all accusations. *Id*. ¶ 23; *See also,* Def.'s 56.1 Statement, Dkt. Entry No. 34-2 at ¶¶ 33-34. Plaintiff contends that this accusation was rooted in Defendant's adverse stereotyped view of Nigerians. *See* Compl. ¶ 19.

Plaintiff contends that, on February 5, 2015, during a meeting with Defendant's Chief Executive Officer, Gasner Garcon, Plaintiff complained about the alleged discriminatory conduct. *Id.* ¶ 24. Plaintiff claims that, after the meeting, Mr. Garcon called him and asked if he wanted to be terminated. *Id.* ¶ 26. Plaintiff alleges that he was terminated verbally that day, and in writing

---

[1] The Court assumes familiarity with the facts of this case as set forth in the Court's March 16, 2017 Order granting in part and denying in part Defendant's motion to dismiss the complaint. *See Uwakwe*, 2017 WL 1048070, at *1-3.

the next day. *Id.* ¶¶ 14, 29. Defendant contends that the termination was a mutual agreement not based on Plaintiff's nationality or race. *See* Def.'s 56.1 Statement, Dkt. Entry No. 34-2 at ¶ 42.

## STANDARD OF REVIEW

I. **Summary Judgment Standard**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must view all facts in the light most favorable to the nonmoving party, but "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id*. A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party, however, may not rely on "[c]onclusory allegations, conjecture, and speculation," *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998), but must affirmatively "set out specific facts showing a genuine issue for trial," Fed. R. Civ. P. 56(e). "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994) (citing *Dister v. Cont'l Grp., Inc.*, 859 F.2d 1108, 1114 (2d Cir. 1988)).

Local Civil Rule 56.1 requires that a party moving for summary judgment include with the motion a "separate, short, and concise statement of the material facts to which the moving party contends there is no genuine issue to be tried." Local Civ. R. 56.1(a). "When a party has moved

for summary judgment . . . and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992). In the instant case, Defendant submitted a Rule 56.1 Statement and Plaintiff and Plaintiff responded to Defendant's Rule 56.1 Statement. Thus, Defendant's motion is properly before this Court.

## II. Retaliation Claim

Retaliation claims under Title VII are subject to the three-step burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *See, Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015). Under the first step, Plaintiff must establish a prima facie case of retaliation. *See Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010). To establish a prima facie case of retaliation under Title VII plaintiff must show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Id.* (citing *Jute v. Hamilton Sundstand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005). "The plaintiff's burden in this regard is '*de minimis,*' and 'the court's role in evaluating a summary judgment request is to determine only whether proffered admissible evidence would be sufficient to permit a rational finder of fact to infer a retaliatory motive.'" *Id.* (quoting *Jute*, 420 F.3d at 173).

Once the plaintiff has established a prima facie showing of retaliation, the burden shifts to the employer to articulate some legitimate, non-retaliatory reason for the employment action. *Id.* After the defendant has articulated a legitimate, non-retaliatory reason for the employment action, the presumption of retaliation is rebutted, and plaintiff must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer for his or her Title VII

4

claim to survive. *See, Ya-Chen Chen v. City Univ. of New York*, 805 F.3d 59, 70, 73 (2d Cir. 2015) (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013)).

## ANALYSIS

Plaintiff's retaliation claim fails as a matter of law under the prima facie analysis of a retaliation claim. *See, Hicks*, 593 F.3d at 164 (quoting *Jute*, 420 F.3d at 173). Plaintiff fails to show that a genuine dispute exists as to whether: (1) he participated in a protected activity: (2) Defendant knew of the protected activity: (3) Defendant engaged in adverse employment action: and (4) there is a causal connection between the protected activity and the adverse employment action. Plaintiff alleges that he engaged in protected activity on February 5, 2015 when he complained to Mr. Garcon about his inadequate pay, and other alleged discriminatory treatment based on his nationality. *See* Compl. ¶ 24. Defendant argues that Plaintiff's complaints to Mr. Garcon were not protected activity because he "did not complain about federally protected discriminatory behavior." *See* Def.'s Mot. for Summ. J., Dkt. Entry No. 34-1 at 7.

Without any additional evidence, there would be a genuine dispute of a material fact as to whether Plaintiff participated in a protected activity, and whether Defendant knew that Plaintiff engaged in such protected activity. However, despite the allegations in his complaint, Plaintiff affirmed Defendant's version of the facts on two occasions. During his deposition, Plaintiff was asked explicitly if, when he complained to Mr. Garcon, he ever he mentioned any issues regarding discrimination based on his nationality or race, to which Plaintiff stated plainly, "No." *See,* Uwakwe Deposition, Dkt. Entry No. 34-6 at 86:18-87:6; Def.'s Mot. for Sum. Jmt., Dkt. Entry No. 34-1 at 7. Moreover, Plaintiff affirms paragraphs 44 and 49 of Defendant's 56.1 Statement of the Facts that state: "Plaintiff never made any complaints to anyone at BATC concerning discrimination due to his national origin" and "at no time on February 5, 2015 during his

5

conversations with Garcon, did Plaintiff mention that any of his grievances had anything to do with his national origin or race." *See* Uwakwe Affidavit, Dkt. Entry No. 35-1 at ¶ 1; Def's 56.1 Statement, Dkt. Entry No. 34-2 at ¶¶ 44, 49.  By his own admissions, made under oath during his deposition, Plaintiff did not have a good faith belief that he had engaged in a protected activity on February 5, 2015, and Defendant could not have known of the protected activity.  Thus, Plaintiff cannot satisfy the first and second requirements to show a prima facie case of retaliation.

Under the third requirement, Plaintiff alleges he suffered adverse employment action when Defendant terminated him in writing on February 6, 2015.  However, Plaintiff signed a termination letter mutually agreeing to the termination of his employment.  *See* Termination Letter, Dkt. Entry No. 34-18.  Therefore, Plaintiff did not suffer an adverse employment action.  Finally, Plaintiff cannot establish the fourth requirement, a causal connection between the protected activity and the adverse employment action because, first, Plaintiff did not establish that he engaged in protected activity, and second, Plaintiff did not suffer from adverse employment action.  Therefore, Plaintiff has not met his burden to establish a prima facie claim of retaliation under Title VII.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted and this action is dismissed in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
 March 25, 2019

/s/
DORA L. IRIZARRY
Chief Judge